UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED 05 SEP 12 13:07 USDC-ORP

| UNITED STATES OF AMERICA, | No. 03-30361 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CR-02-0390-2-REJ |
| v. | |
| LYLE HARTFORD VAN DYKE, JR., | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Oregon (Portland).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Oregon (Portland) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the **CONVICTION IS AFFIRMED; SENTENCE REMANDED.**

Filed and entered 06/23/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
SEP - 7 2005
by: [signature]
Deputy Clerk

FILED

JUN 23 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 03-30361 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-0390-2-REJ |
| v. | |
| LYLE HARTFORD VAN DYKE, JR., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued & Submitted May 3, 2005
Portland, Oregon

Before: HUG, TASHIMA, and CLIFTON, Circuit Judges.

Lyle Hartford Van Dyke, Jr. ("Van Dyke") was convicted of conspiracy, unlawful manufacture of fictitious obligations, and several counts of unlawful passing of fictitious obligations. 18 U.S.C. § 371; 18 U.S.C. § 514(a)(1), (2). He appeals his conviction and sentence on two grounds. First, he argues that the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

district court violated the Fifth and Sixth Amendment by usurping the jury's fact finding role with respect to an essential element of the charged crimes. Next, he argues that the sentence imposed by the district court violates his Sixth Amendment rights because his sentence was enhanced by factual findings made by the district court. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm Van Dyke's conviction. However, we grant a limited remand consistent with *United States v. Ameline*, ___F.3d___, No. 02-30326, 2005 WL 1291977 (9th Cir. June 1, 2005) (en banc).

Van Dyke failed to object to the trial court's instructions, and therefore this claim is reviewed for plain error. *United States v. Recio*, 371 F.3d 1093, 1099-1100 (9th Cir. 2004). Under plain error review, Van Dyke must establish: 1) an "error" occurred, 2) it was "plain", and 3) it affected substantial rights. *Id.* If all these conditions are met, the court may then exercise its discretion to notice the error but only if the error "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Van Dyke argues that the district court improperly instructed the jury on multiple occasions that the underlying liens he created were illegal. He argues that whether the liens were valid or not goes directly to the issue of whether the

-2-

obligations were "false and fictitious," which is an essential element of each of the charged crimes. According to Van Dyke, if the liens were valid, the notes were based upon actual "value" and therefore could not be "false and fictitious."

The right to an impartial jury trial under the Sixth Amendment requires that the jury determine the defendant's guilt to every element of the charged offense beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506, 509-510 (1995), (citing *Sullivan v. Louisiana*, 508 U.S. 275, 277-278 (1993)). However, contrary to Van Dyke's assertion, the validity of the liens in this instance was not an element to any of the charged crimes.

Van Dyke was charged with: 1) unlawful manufacture of fictitious obligations in violation of 18 U.S.C. § 514(a)(1); 2) unlawful passing of fictitious obligations in violation of 18 U.S.C. § 514(a)(2); and 3) conspiracy to commit violations of 18 U.S.C. § 514 and 18 U.S.C. § 371. Thus, the elements of section 514 were relevant to each of the offenses.

Section 514(a)(1)-(2) states in pertinent part:

(a) Whoever, with the intent to defraud--

> (1) draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;

> (2) passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; . . .
>
> any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

There is no reference in the statute to "liens." Furthermore, the issue of whether the liens were valid or not does not pertain to whether the documents at issue bear a family resemblance to any genuine financial instruments. *See United States v. Howick*, 263 F.3d 1056, 1068 (2001) (describing the test to determine if instruments are "false or fictitious" under section 514). Therefore, the district court did not err in instructing the jury that the liens created by Van Dyke were invalid and this claim fails on the merits. As there is no error, this claim fails under plain error review. *Recio*, 371 F.3d at 1100.

It should be noted that even if this court agreed with Van Dyke that this was an element of the crime, his claim would still fail under plain error review. Here, there was overwhelming evidence that the liens he created were invalid. Van Dyke admitted that these liens were not created following either Oregon or Washington law, but rather, were created with reference to ancient Jewish law, Biblical text,

and the like. Furthermore, there is no question that Van Dyke was never authorized by law either to create these liens or create these "notes," which purported to be payable on the assets of a private company and the United States Treasury. Therefore, there is no showing that these instructions seriously affected the fairness, integrity, or public reputation of the these proceedings. *See id.*

Finally, Van Dyke's sentence was increased by facts not found by the jury and was imposed under the then-existing mandatory guidelines scheme. This implicates a constitutional violation. *Ameline*, 2005 WL 1291977, at *5. However, Van Dyke did not challenge his sentence on Sixth Amendment grounds in the district court, and therefore we grant a "limited remand" consistent with *Ameline. Id.* at *11.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP - 7 2005

by:
Deputy Clerk